1910.) Action by Vera May Cole, an infant, by Elizabeth Le Perle, her guardian ad litem, against the United Traction Company. No opinion. Motion granted. See, also, 125 N. Y. Supp. 1116.

COLLINS, Respondent, v. VICTORIA PAPER MILLS CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 23, 1910.) Action by William H. Collins against the Victoria Paper Mills Company. No opinion. Order affirmed, with costs.

COMBS, Respondent, v. COMBS, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 30, 1910.) Action by Saloma E. Combs against Samuel J. Combs. No opinion. Judgment and order affirmed, with costs.

CONNERS, Respondent, v. COLLIER, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 7, 1910.) Action by William J. Conners against Robert J. Collier. No opinion. Order, so far as appealed from; affirmed, with $10 costs and disbursements.

CORN et al. v. LIPMAN et al. (Supreme Court, Appellate Division, First Department. January 20, 1911.) Action by Eisek Corn and another against Max Lipman and another. No opinion. Motion granted; question to be certified on settlement of order. Settle order on notice.

CURTIS BLAISDELL CO. v. CHAPMAN. (Supreme Court, Appellate Division, First Department. December 23, 1910.) Action by the Curtis Blaisdell Company against Frank H. Chapman. W. C. Relyea, for plaintiff. C. E. Thornall, for defendant. No opinion. Exceptions overruled, and judgment ordered for plaintiff on the verdict, with costs. Settle order on notice.

CURTISS v. TELLER. (Supreme Court, Appellate Division, Fourth Department. November 23, 1910.) Action by Harlow C. Curtiss against George R. Teller. PER CURIAM. Order, so far as appealed from by plaintiff, reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Order affirmed, so far as appealed from by defendant. McLENNAN, P. J., and ROBSON, J., dissent, and vote for affirmance.

CZIBILISKY, Respondent, v. SOLVAY PROCESS CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 11, 1911.) Action by William Czibilisky against the Solvay Process Company. PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, unless the plaintiff shall, within 20 days, stipulate to reduce the verdict to the sum of $1,500 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party. See, also, 136 App. Div. 909, 120 N. Y. Supp. 1120.

DALHAYE, Respondent, v. HILDEBRAND, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Modeste A. Dalhaye against George Hildebrand. No opinion. Judgment and order unanimously affirmed, with costs.

DANIEL v. BONSAL. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Appeal from Special Term, Westchester County. Action by William J. Daniel against Henrietta M. Bonsal. Judgment for plaintiff, and defendant appeals. Affirmed conditionally. Frederick R. Graves (Clarence Lexow, on the brief), for appellant. Frederick W. Clark, for respondent. PER CURIAM. Judgment reversed, and new trial granted, costs to abide the event, unless within 30 days plaintiff procures the Ga Nun lien to be satisfied, the pending action to foreclose the same to be discontinued, and defendant released from any claim by Ga Nun, in which case the judgment is affirmed, without costs. THOMAS, J. (dissenting). When the plaintiff sued upon a quantum meruit, he took his chances upon that form of pleading. Now, it appears that he did not fulfill his contract, and that he did not have the certificate of the architect, as the contract required. The referee is obliged to help him out by making some partial deduction for his delinquencies, and thereupon gives him judgment for his damages, with costs. Unless all rules of pleading may be disregarded, and all the decisions of this and other courts neglected, the plaintiff has not pleaded properly, and yet he is just as successful and receives the same legal consideration as if he had been quite obedient to authority. The judgment should be reversed, and, if then the plaintiff wishes to move to amend his complaint before another trial, he will probably be permitted to do so upon payment of costs to the present time; but, as it is, the whole burden and costs of the litigation are thrown upon the litigant who is right, and all the benefits and advantages accrue to the one who is in the wrong.

DANIELS, Appellant, v. MIDDLETON et al., Respondents. (Supreme Court, Appellate Division, First Department. December 30, 1910.) Action by Norris S. Daniels against Clifford L. Middleton and others. I. L. Miller, for appellant. M. E. Kelly, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

DAVENPORT, Respondent, v. DAVENPORT, Appellant. (Supreme Court, Appellate Division, First Department. December 23, 1910.) Action by Alice S. Davenport against Harry G. B. Davenport. D. Gerber, for appellant. H. G. Wiley, for respondent. No opin-